IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KEVIN WAYNE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-005 |
| ) | |
| DR. ANDREWS, GARY WARREN, and ) | |
| SHERIFF CLAY WHITTLE, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, brought the captioned matter ostensibly pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). In addition, Petitioner requests a "preliminary injunction." (Doc. no. 1). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that Petitioner's motion for preliminary injunction be **DENIED** as **MOOT**, that his motion to proceed IFP also be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.

I. BACKGROUND

Petitioner, a pretrial detainee at the Columbia County Detention Center in Appling, Georgia, alleges: 1) he has been denied access to any legal materials other than the Code of Georgia; 2) although he is indigent, no lawyer has yet been appointed to represent him; 3) Petitioner needs a liver transplant; 4) Petitioner's liver condition causes him to suffer severe pain, yet Respondents refuse to give Plaintiff the narcotic pain relievers he requests; and 5)

Respondents refuse to provide Petitioner with psychiatric treatment. (See doc. no. 1). Petitioner further explains that he "is not seeking release from custody or monetary damages," but instead wants the Court to order Respondents to give him the medical and psychiatric care he needs. (Id. at 5).

## II. DISCUSSION

The Court begins by noting that although Petitioner has labeled this action as brought pursuant to § 2241, the petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson v. Dotson, 544 U.S. __, 125 S. Ct. 1242, 1246 (2005)(quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). Section 2241 empowers the Court to act only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner does not contend that his confinement is unlawful; rather, he seeks injunctive relief for alleged violations of his civil rights. In short, Petitioner does not seek habeas relief.

That said, even if the instant action may be considered as properly brought under § 2241, "habeas corpus actions require a petitioner fully to exhaust state remedies."[1] Wilkinson, 544 U.S. at __, 125 S.Ct. at 1246. This exhaustion requirement applies to pretrial

---

[1] The exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

2

petitions. See, e.g., Hughes v. Attorney General of Florida, 377 F.3d 1258, 1262 (11th Cir. 2004). Petitioner does not allege that he has sought any remedy in state court. Accordingly, any habeas claim he may seek to raise must be dismissed.

Of course, the Court may also construe the petition liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), as a civil rights complaint brought under 42 U.S.C. § 1983. As Petitioner's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Unfortunately for Petitioner, even if construed as brought pursuant to § 1983, this action suffers from a fatal defect. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate.[2] Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998). In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."

---

[2] The PLRA's exhaustion requirement applies to civil rights suits brought by pretrial detainees. See, e.g., Hall v. Richardson, No. 05-11016, 44 Fed. Appx. 835, 836 (11th Cir. Aug. 15, 2005)(*per curiam*).

3

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Here, Petitioner does not allege that he pursued any administrative remedy prior to filing the instant suit. As a result, the Court concludes that any §1983 claim Petitioner may be attempting to raise must be dismissed for failure to exhaust administrative remedies. As all of Petitioner's claims are subject to dismissal, Petitioner's pending motions should be denied as moot.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that Petitioner's motion for preliminary injunction be **DENIED** as **MOOT**, that his motion to proceed IFP also be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE